UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **GRAND BOULE OF SIGMA PI PHI FRATERNITY,** a Pennsylvania Non-Profit Corporation, | ) ) ) ) ) | |
| Plaintiff, | ) ) | **Civil Action No. 1:25-cv-02975-SDG** |
| v. | ) ) ) | |
| **LOREN R. DOUGLASS,** an individual, | ) ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO FILE
<u>UNREDACTED COMPLAINT UNDER SEAL</u>**

Plaintiff, the Grand Boule of Sigma Pi Phi Fraternity ("Plaintiff" or the "Fraternity"), by and through its undersigned counsel, respectfully moves this Honorable Court, pursuant to Local Rule Appendix H § 11 of the Northern District of Georgia (N.D. Ga. LR Appx. H § II (J)), for an order permitting Plaintiff to file its unredacted Complaint in the above-captioned action under seal.

In support of this Motion, Plaintiff states as follows:

1.      Plaintiff is contemporaneously filing its Complaint against Defendant Loren R. Douglass ("Defendant"). The Complaint seeks injunctive relief and damages arising from Defendant's unlawful conduct following his removal from office within the Fraternity, including but not limited to trademark infringement,

defamation, misrepresentation, and breach of duties owed to the Fraternity. (Compl. ¶¶ 1-4).

2.    The Complaint necessarily contains, discusses, and attaches as exhibits highly sensitive, confidential, and proprietary information belonging to the Fraternity. This includes but is not limited to:

a.  Details of internal governance procedures, decisions, and deliberations, including minutes of board meetings (Compl. ¶¶ 15, 17; Compl. Ex. C, E,F);

b.  Confidential communications regarding internal disciplinary matters (Compl. ¶¶ 16; Compl. Ex. D);

c.  Internal governing documents such as the Fraternity's Constitution, Bylaws, and Code of Conduct, which outline private operational rules and member obligations (Compl. ¶¶ 17; Compl. Exs. E, F);

d.  Allegations concerning the misappropriation and potential dissemination of confidential Fraternity information, which could include member lists, internal strategic data, and other non-public operational details (Compl. ¶ 18); and

e.  Information pertaining to the Fraternity's valuable intellectual property and the "secrets" integral to its longstanding traditions and operational integrity.

3.      Public disclosure of the Complaint, with its detailed recitation of these

confidential matters and attachment of sensitive internal documents, would cause

significant and irreparable harm to the Fraternity, its members, and its operations.

Such disclosure could undermine the Fraternity's ability to govern itself privately,

protect the privacy of its members, safeguard its proprietary information, and

preserve the very confidentiality that Defendant's alleged actions have threatened.

4.      Plaintiff has a compelling interest in protecting this information from

public dissemination, which outweighs the presumption of public access to court

records in this instance.

5.      This Motion is accompanied by a Memorandum of Law setting forth

the legal and factual basis for the relief requested.

6.       Plaintiff has also contemporaneously submitted the Complaint to the

Clerk's Office for provisional filing under seal pending the Court's ruling on this

Motion.

7.      Plaintiff anticipates that Defendant, once served, will not oppose this

Motion, as the sealing is sought to protect information that Defendant himself had a

duty to keep confidential. However, should Defendant oppose, Plaintiff will address

any such opposition.

WHEREFORE, Plaintiff, the Grand Boule of Sigma Pi Phi Fraternity,

respectfully requests that this Court grant its Motion and enter an Order:

(a) Permitting the unredacted Complaint with its unredacted Exhibits to be filed and maintained under seal; and

(b) Granting such other and further relief as the Court deems just and proper.

Dated: May 30, 2025

Respectfully submitted,

/s/ *K. Tate Gray*
K. Tate Gray
Georgia Bar No. 919123
Reed Smith LLP
999 Peachtree Street, NE
Suite 2500
Atlanta, GA 30309
Telephone: (470) 947-5813
Facsimile: (470) 947-5799
Email: tate.gray@reedsmith.com

-and-

A. Scott Bolden (*pro hac vice* forthcoming)
DC Bar No. 428758
Reed Smith LLP
1301 K Street, N.W.
Suite 1000, East Tower
Washington, DC 20005
Telephone: (202) 414-9200
Facsimile: (202) 414-9299
Email: abolden@reedsmith.com

-and-

Lloyd J. Jordan (*pro hac vice* forthcoming)
DC Bar No. 480203
Motley Waller LLP

300 New Jersey Ave NW #300,
Washington, DC 20001
Telephone: (202) 347-0179
Email: lloyd.jordan@motleywaller.com

*Attorneys for Grand Boule of Sigma Pi Phi
Fraternity*

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14 point) font, as required by the Court in Local Rule 5.1 (C).

Respectfully submitted this 30th day of May 2025.

*/s/ K. Tate Gray*
K. Tate Gray
Georgia Bar No. 919123

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **GRAND BOULE OF SIGMA PI PHI FRATERNITY,** a Pennsylvania Non-Profit Corporation, | ) ) ) ) ) | |
| | ) | **Civil Action No**. |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| **LOREN R. DOUGLASS,** an individual, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO FILE UNREDACTED COMPLAINT UNDER SEAL**

Plaintiff, the Grand Boule of Sigma Pi Phi Fraternity ("Plaintiff" or the "Fraternity"), submits this Memorandum of Law in support of its Unopposed Motion to File Unredacted Complaint Under Seal, pursuant to Local Rule Appendix H § II (J) of the Northern District of Georgia (N.D. Ga. LR Appx. H § II (J).

**I. INTRODUCTION**

Plaintiff seeks leave to file its Complaint in this matter under seal to protect highly sensitive, confidential, and proprietary information that is integral to the allegations and claims asserted. The Complaint details actions taken by Defendant Loren R. Douglass ("Defendant"), a former officer of the Fraternity, which include

the alleged misappropriation and misuse of the Fraternity's confidential information and intellectual property, alongside other misconduct. (Compl. ¶¶ 1-4, 16, 20-25).

Public dissemination of the Complaint, which necessarily discusses internal governance matters, confidential documents, member-related data, and operational "secrets" of the Fraternity, would cause irreparable harm to the Fraternity, its members, and its long-standing traditions of privacy and confidentiality. The need to protect this information from public disclosure outweighs the general presumption of public access to court records, particularly where the information at issue is central to the Fraternity's private operations and its claims for relief.

## II. FACTUAL BACKGROUND

The Grand Boule of Sigma Pi Phi Fraternity, founded in 1904, is the oldest Greek-letter organization composed primarily of African American men, with a rich history and a commitment to privacy concerning its internal affairs and membership. (Compl. ¶ 12). The Complaint alleges that Defendant Douglass, following his removal from the office of Grand Sire Archon (President) of the Fraternity, has engaged in a series of unlawful acts detrimental to the Fraternity. (Compl. ¶¶ 1-2, 18-24).

These alleged acts include operating unauthorized websites, unauthorized use of the Fraternity's name and trademarks, disseminating false and defamatory

information, misrepresenting his authority, and, critically for this Motion, misappropriating confidential Fraternity information. (Compl. ¶¶ 2, 18).

To properly plead its claims, the Complaint necessarily describes, references, and in some cases attaches as exhibits, information and documents of a highly confidential nature, including:

- Internal governance documents such as the Fraternity's Constitution, Bylaws, and Code of Conduct (Compl. ¶¶ 17, 44; Compl. Exs. E, F);

- Minutes from official board meetings discussing sensitive internal matters (Compl. ¶ 15; Compl. Ex. C);

- Confidential correspondence regarding Defendant's removal and directives to cease certain activities (Compl. ¶¶ 16, 22; Compl. Ex. D); and

- Allegations concerning the misappropriation of confidential Fraternity information, including internal documents and potentially member lists or contact information (Compl. ¶¶ 2, 18).

This information constitutes the "secrets of the Fraternity" that are vital to its identity, operational integrity, and the privacy of its members.

### III. LEGAL STANDARD FOR SEALING DOCUMENTS

There is a common law right of public access to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, this right is not

absolute. *Id.* at 598. The decision to seal court records is a matter "left to the sound discretion of the trial court." *Id.*

In the Eleventh Circuit, a party seeking to seal judicial records must demonstrate "good cause." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245-46 (11th Cir. 2007). "Good cause" requires a showing that "the interest in secrecy outweighs the presumption [of public access]." *United States v. Kooistra*, 796 F.3d 1390, 1295 (11th Cir. 2015) (internal quotation marks omitted). Factors considered in determining good cause include whether disclosure would "harm a litigant's competitive standing," involve "matters of national security," "promote scandal or libel," or disclose "trade secrets." *Romero*, 480 F.3d at 1246 (citing *Van Etten v. Bridgestone/Firestone, Inc.*, 182 F.R.D. 650, 655 (N.D. Ga. 1997)); *see also Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311-13 (11th Cir. 2001) (discussing "good cause" under Fed. R. Civ. P. 26(c) as the standard for sealing documents not filed in connection with dispositive motions, and noting that even for potentially dispositive documents, protection of trade secrets can justify sealing). While a complaint is foundational, the "good cause" standard is appropriate here given the nature of the confidential information at stake, akin to trade secrets or highly proprietary data of a private organization.

### III. LEGAL STANDARD FOR SEALING DOCUMENTS

There is a common law right of public access to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, this right is not absolute. *Id.* at 598. The decision to seal court records is a matter "left to the sound discretion of the trial court." *Id.*

In the Eleventh Circuit, a party seeking to seal judicial records must demonstrate "good cause." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245-46 (11th Cir. 2007). "Good cause" requires a showing that " confidentiality outweighed any public interest," Estate of *Martin Luther King, Jr., Inc. v. CBS, Inc.,* 184 F. Supp. 2d 1353, 1367 (N.D. Ga. 2002). In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246 (*citing In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987); *Shingara v. Skiles*, 420 F.3d 301, 305-06 (3d Cir. 2005); Amodeo, 71 F.3d at 1050-51. A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the

information. See *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978); Arthur R. Miller, Confidentiality, Protective Orders, and Public Access to the Courts, 105 Harv. L. Rev. 427, 464-74 (1991). [**28]

To file a document under seal, the party requesting sealing must establish "good cause." This requires the party to: (i) identify the specific documents or portions thereof for which sealing is requested, (ii) explain why sealing is necessary for each document or group of documents, (iii) demonstrate why less drastic alternatives to sealing are inadequate, and (iv) address the factors governing sealing as reflected in controlling case law. Examples of information that may justify sealing include trade secrets, sensitive security data, scientific formulas, and confidential pricing calculations. However, the court generally does not allow the sealing of entire filings and expects counsel to exercise discretion in requesting sealing *Collins-Williams v. Contour Eastwyck LLC*, 2021 U.S. Dist. LEXIS 115737 at *3; Tolley v. Mercer Univ., 2022 U.S. Dist. LEXIS 252808 at *3; N.D. Ga. LR Appx. H § II.

## IV.   ARGUMENT: GOOD CAUSE EXISTS TO FILE THE COMPLAINT UNDER SEAL

Good cause exists to file the Complaint under seal because the Fraternity has a compelling interest in protecting its confidential, proprietary, and sensitive internal

information, and this interest overwhelmingly outweighs the public's interest in accessing this specific information at this stage.

**A. The Complaint Contains Highly Sensitive and Confidential Fraternity Information.**

The Complaint is replete with information that the Fraternity has historically kept private and that is critical to its internal operations and the privacy of its members. This includes:

1. **Internal Governance Documents and Deliberations:** The Complaint refers to and attaches excerpts or full versions of the Fraternity's Constitution, Bylaws, Code of Conduct, and minutes from Board meetings (Compl. ¶¶ 15-17; Compl. Exs. C, E, F). These documents detail the internal rules, structure, and decision-making processes of a private organization. Public disclosure could expose the Fraternity to undue scrutiny, external interference, or exploitation of its governance mechanisms. *See, e.g.*, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (recognizing that "compelling reasons" can justify sealing records, including protection of trade secrets or information that could become a source of business disadvantage). While not a commercial entity, the Fraternity's internal governance documents are analogous to proprietary operational plans.

2. **Confidential Membership Information and Internal Communications:** The Complaint alleges the misappropriation of confidential Fraternity information, potentially including member lists or contact information (Compl. ¶ 18). Fraternal organizations have a legitimate interest in protecting the privacy of their members and internal communications. Public disclosure of documents detailing or referencing such information would violate these privacy interests.

3. **Details of Internal Disciplinary Matters:** The Complaint describes the process and reasons for Defendant's removal from office (Compl. ¶¶ 15, 16; Compl. Ex. D). These are sensitive internal personnel and disciplinary matters. Publicizing the specifics could damage the Fraternity's ability to manage its internal affairs effectively and could subject individuals involved to unwarranted public attention.

4. **Proprietary Information and "Fraternity Secrets":** The Fraternity, like many long-standing private organizations, possesses information, traditions, and operational methods ("secrets") that are unique to it and contribute to its identity and cohesion. The Complaint touches upon information that, if made public, could compromise the integrity and distinctive character of the Fraternity. (Compl. ¶ 2 and generally throughout).

Publicly filing the Complaint, which details these sensitive areas, would effectively publish the very information the Fraternity seeks to protect through this litigation, thereby potentially exacerbating the harm caused by Defendant's alleged conduct.

**B.   The Fraternity's Interest in Confidentiality Outweighs the Presumption of Public Access.**

The harm to the Fraternity from public disclosure of the Complaint's contents is substantial and outweighs the presumption of public access. This harm includes:

- **Damage to Reputation and Goodwill:** The Fraternity has cultivated a distinguished reputation over 121 years (Compl. ¶ 25). Public airing of internal disputes and confidential operational details could tarnish this reputation.

- **Disruption of Internal Governance and Member Relations:** Disclosure of sensitive governance documents and internal deliberations could create discord among members and undermine the legitimate leadership of the Fraternity. (Compl. ¶ 25).

- **Compromise of Privacy:** Members have a reasonable expectation of privacy regarding their affiliation and the internal affairs of the Fraternity.

- **Undermining the Litigation:** Part of the relief sought is to prevent further unauthorized dissemination of confidential information. Publicly filing the Complaint would be counterproductive to this aim.

Courts have recognized that the need to protect confidential business information, trade secrets, or sensitive personal information can constitute good cause to seal documents. See, *OJ Commerce, LLC v. KidKraft, Inc.*, 34 F.4th 1232, 1241 (11th Cir. 2022); *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1236 (11th Cir. 2013).  The Fraternity's internal documents, membership data, and operational strategies are analogous to such protected information for a private, non-profit membership organization.

**C. The Request to Seal is Narrowly Tailored, and No Less Restrictive Alternatives are Adequate.**

Plaintiff seeks to seal only the Complaint itself. The confidential information is not isolated to a few paragraphs but is woven throughout the factual allegations and is evidenced by the attached exhibits, which are integral to stating Plaintiff's claims. Redacting the Complaint would be impractical and would render it largely unintelligible, thereby failing to provide adequate public notice of the nature of the dispute while still risking partial disclosure of sensitive context.

Filing the entire Complaint under seal is the least restrictive means available to protect the pervasive confidential information contained therein at this initial stage

16

of litigation. Other court filings, such as this Motion and supporting Memorandum, are being filed publicly.

**D. Proposed Duration of the Seal.**

Plaintiff requests that the Complaint remain under seal for the pendency of this litigation, or until such time as the Court determines that sealing is no longer necessary. This may be subject to modification by a future Court order, such as a stipulated protective order governing the handling of confidential information exchanged during discovery, which could provide a framework for potential future unsealing if appropriate.

**VI. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant its Motion and enter an Order permitting the unredacted Complaint and its unredacted exhibits to be filed and maintained under seal.

Dated: May 30, 2025

Respectfully submitted,

/s/ *K. Tate Gray*
K. Tate Gray
Georgia Bar No. 919123
Reed Smith LLP
999 Peachtree Street, NE
Suite 2500
Atlanta, GA 30309
Telephone: (470) 947-5813
Facsimile: (470) 947-5799

Email: tate.gray@reedsmith.com

-and-

A. Scott Bolden (*pro hac vice* forthcoming)
DC Bar No. 428758
Reed Smith LLP
1301 K Street, N.W.
Suite 1000, East Tower
Washington, DC 20005
Telephone: (202) 414-9200
Facsimile: (202) 414-9299
Email: abolden@reedsmith.com

-and-

Lloyd J. Jordan (*pro hac vice* forthcoming)
DC Bar No. 480203
Motley Waller LLP
300 New Jersey Ave NW #300,
Washington, DC 20001
Telephone: (202) 347-0179
Email: lloyd.jordan@motleywaller.com

*Attorneys for Grand Boule of Sigma Pi Phi Fraternity*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14 point) font, as required by the Court in Local Rule 5.1 (C).

Respectfully submitted this 30th day of May 2025.

*/s/ K. Tate Gray*
K. Tate Gray
Georgia Bar No. 919123

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2025, the foregoing document was electronically filed with the Clerk of the United States District Court of the Northern District of Georgia using the CM/ECF system, and that the same will be served via HAND DELIVERY to:

Loren R. Douglass

6410 Sand Lake Sound Road, Orlando, Florida 32819

*/s/ K. Tate Gray*
K. Tate Gray
Georgia Bar No. 919123