**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

GRAND BOULE OF SIGMA PI PHI
FRATERNITY,
   Plaintiff,

              v.

LOREN R. DOUGLASS,
   Defendant.

Civil Action No.
1:25-cv-02975-SDG

## OPINION AND ORDER

This matter is before the Court on Plaintiff Grand Boule of Sigma Pi Phi

Fraternity's (the Fraternity) Motion for a Temporary Restraining Order (TRO) and

Preliminary Injunction [ECF 32]. The Motion is fully briefed, and the Court heard

oral argument on June 26, 2026. Because the Fraternity has failed to carry its

burden in showing that the extraordinary relief it seeks is warranted, the Motion

is **DENIED**. Also before the Court is the Fraternity's unopposed Motion to Seal

[ECF 42]; that motion is **GRANTED**.

## I.    BACKGROUND

Sigma Pi Phi Fraternity is a non-profit corporation and Greek-letter

organization composed primarily of African American professional men.[1] The

Fraternity operates through its governing body, the Grand Boule.[2] Defendant

---

[1]   ECF 32, at 3.

[2]   *Id.*

1

Loren R. Douglass served in the Fraternity's highest elected office as the Grand Sire Archon (equivalent to President) from June 2024 until April 9, 2025, when he was removed by the Fraternity's Grand Board of Directors.[3] Douglass's membership in the Fraternity was suspended on May 21, 2025.[4] The Fraternity alleges that, since at least March 15, 2026, Douglass has been sending mass emails to its members from his personal email address.[5] The emails cover many topics, from Douglass's thoughts on politics and institutional governance, to promotion of Douglass's new book, to Douglass's claims about the Fraternity's officers and governance, among other things.[6] The Fraternity contends that many of Douglass's statements about it are false; however, at the hearing, Douglass denied having made false statements about the Fraternity, and no party introduced evidence on the matter.

## II.    THE REQUEST FOR PRELIMINARY INJUCTIVE RELIEF IS DENIED.

Under Federal Rule of Civil Procedure 65, a court may issue a preliminary injunction on a showing that: (1) the movant has a substantial likelihood of success on the merits; (2) the movant will suffer irreparable injury unless the injunction is

---

[3]    *Id.* at 4.

[4]    *Id.* at 5.

[5]    *Id.* at 7–8.

[6]    *See generally* ECF 32-1, at 36–102.

issued; (3) the threatened injury to the movant outweighs any possible harm the injunction may cause the opposing party; and (4) the injunction would not be adverse to the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

*Substantial Likelihood of Success on the Merits.* The Fraternity has failed to demonstrate a substantial likelihood of success on the merits for any of its claims. In its Motion, the Fraternity argued that it is likely to succeed on its claims for breach of fiduciary duties and fraudulent misrepresentation.[7] However, at the hearing, the Fraternity made little mention of these claims, opting instead to spend most of its time advancing an unbriefed argument that Douglass's use of a confidential Fraternity email list is an improper use of the Fraternity's trade secrets.

This was an interesting choice, considering that the Fraternity did not even assert a claim for trade secret misappropriation in its Complaint.[8] Because the Fraternity chose not to assert, brief, or meaningfully engage during oral argument, with the elements of this claim, the Fraternity has not shown a substantial likelihood of success on the merits. The Fraternity fares no better on the two claims that it did brief. For example, the Fraternity did not identify which state's law

---

[7]    ECF 32, at 12.

[8]    *See* ECF 17, at 10–15.

applies to its breach of fiduciary duty claim. Assuming without deciding that it is

Pennsylvania,[9] the Fraternity did not identify any Pennsylvania law recognizing

that any fiduciary duties follow a corporate officer after he leaves his position.[10]

As to its fraudulent misrepresentation claim, the Fraternity did not show that any

of Douglass's alleged misrepresentations induced anyone to act, as is required of

such a claim. *See Avery v. Chrysler Motors Corp.*, 214 Ga. App. 602, 603 (1994)

(quoting O.C.G.A. § 51-6-2(a)) ("The tort of fraud requires a '[w]illful

misrepresentation of a material fact, made to induce another to act, upon which

such person acts to his injury.'"); *Martin v. Lancaster Battery Co.*, 530 Pa. 11, 606

A.2d 444 (1992) (stating that a claim for fraudulent misrepresentation is comprised

of the following elements: "(1) a misrepresentation, (2) a fraudulent utterance

thereof, (3) an intention by the maker that the recipient will thereby be induced to

---

[9]  Under Georgia choice of law, breach of fiduciary duty claims generally fall within the internal affairs doctrine and are therefore governed by the state of incorporation. *Diedrich v. Miller & Meier & Assocs., Architects & Planners, Inc.*, 254 Ga. 734, 735–36 (1985). Sigma Pi Phi Fraternity is incorporated in Pennsylvania. *See* ECF 17, at 1.

[10] When asked what fiduciary duties exist for a former corporate officer once he leaves office, counsel for the Fraternity stated that it had fully briefed that issue. However, in all the Fraternity's briefing on the instant Motion, the only mention of continuing duties is in a reply brief footnote. ECF 40, at 7 n.19. None of the cases cited in that footnote apply Pennsylvania law — or for that matter, Georgia law. *Id.*

act, (4) justifiable reliance by the recipient upon the misrepresentation and (5) damage to the recipient as the proximate result").

*Irreparable Harm.* The Fraternity failed to show that it will suffer irreparable harm absent injunctive relief requiring Douglass to stop emailing Fraternity members. The Fraternity generally asserts that Douglass's email campaign has harmed its reputation, but it could not identify any members who have left the organization because of the emails, nor did it identify any statements Douglass has made that are inherently damaging to an organization's reputation. The Fraternity asserted that its members are "frustrated" by receiving so many emails from Douglass, but a general sense of frustration does not warrant an extraordinary remedy.

*Balance of Equities.* The balance of equities tips in Douglass's favor. The Fraternity asks the Court to prohibit Douglass from emailing Fraternity members—a request that, if granted, would necessarily curtail Douglass's First Amendment rights to freedom of speech and association. While the Fraternity's frustration over a sustained negative email campaign is understandable, it cannot overcome, at this stage in the litigation, Douglass's right to speak and associate freely.

*Public Interest.* The fourth factor of public interest also favors Douglass. While the Fraternity argues that the public interest is best served by preventing

the dissemination of false statements about an organization and its leadership, the public interest is better served by safeguarded constitutionally protected speech. There is no general First Amendment exception for false statements, *see United States v. Alvarez*, 567 U.S. 709, 722 (2012) (rejecting the government's argument that "false statements generally should constitute a new category of unprotected speech"), so even if Douglass's statements prove to be false, they may still be constitutionally protected. "No long string of citations is necessary to find that the public interest weighs in favor of having access to a free flow of constitutionally protected speech." *ACLU of Ga. v. Miller*, 977 F. Supp. 1228, 1235 (N.D. Ga. 1997).

Accordingly, the Fraternity's Motion for a Temporary Restraining Order and a Preliminary Injunction [ECF 32] is **DENIED**.

## III.   THE MOTION TO SEAL

The Court now turns to the Fraternity's third Motion to Seal.[11] The Fraternity seeks to seal (1) its Social Media Policy and quotations from the policy that are referenced in its provisionally sealed reply brief and in the second supplemental declaration of Darrell B. Searcy;[12] (2) portions of Douglass's mass emails, including both the recipient email addresses and text from the bodies of

---

[11]   ECF 42.

[12]   ECF 40, at 4–5 (the reply brief referencing the social media policy); ECF 40-1, at 3–4 (Exhibit 1: the declaration referencing the social media policy), 9–10 (Exhibit 1(a): the social media policy).

the emails;[13] and (3) a chart summarizing Douglass's mass emails and describing what allegedly confidential information within the emails was disclosed.[14] Notably, the Fraternity previously filed copies of Douglass's emails with the email bodies completely unredacted;[15] the Fraternity only sought to seal these email exhibits after Douglass argued that the Fraternity undermined its own position by filing unredacted versions of these allegedly confidential communications.[16] Nevertheless, Douglass does not oppose the Fraternity's Motion.

Fed. R. Civ. P. 26 allows a court to enter a protective order rendering documents or portions thereof unavailable to the public after a showing of good cause. Good cause is determined by balancing the public's "interest in obtaining access" against the "party's interest in keeping the information confidential." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1315 (11th Cir. 2001). Good cause will generally only be established where the materials contain trade secrets, personal identifying information, or sensitive commercial information, such that public disclosure would result in "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

---

[13]    ECF 40-1, at 30–152 (Exhibit 1(c)–(p): Douglass's emails); *see also* ECF 32-1, at 29–103 (Exhibits 3–11).

[14]    ECF 40-1, at 13–28 (Exhibit 1(b): the chart).

[15]    ECF 32-1, at 29–103 (Exhibits 3–11).

[16]    ECF 33, at 9.

For good cause shown, including the sensitive and seemingly confidential information contained in these documents, the Fraternity's motion is **GRANTED**. The documents filed under provisional seal at ECF 41 shall remain under seal. The Court will not, however, seal select portions of documents. Accordingly, ECF 32-1 (which was publicly filed) will be sealed in its entirety; the Fraternity must file a redacted version of this document on the public docket.

## IV.   CONCLUSION

The Fraternity's Motion for a Temporary Restraining Order (TRO) and Preliminary Injunction [ECF 32] is **DENIED**. The Fraternity's Motion to Seal [ECF 42] is **GRANTED**. The Clerk is **DIRECTED** to **SEAL** ECF 32-1. Within three days after entry of this Order, the Fraternity is **ORDERED** to file a redacted version of ECF 32-1 on the public docket, redacting the material it proposed to shield from public view (*i.e.*, Exhibits 3–11). If the Fraternity fails to comply with this instruction, ECF 32-1 will be unsealed in its entirety. ECF 41 shall remain under seal. The Clerk is **DIRECTED** to resubmit this Order to undersigned after three days.

**SO ORDERED** this 14th day of July, 2026.

_____
Steven D. Grimberg
United States District Judge

8